**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| IPwe, Inc., | Case No. 24-10078 (CTG) |
| Debtor. | **Related D.I.:** 87, 107 and 110 |

**ORDER AUTHORIZING AND APPROVING (I) THE SALE OF THE DEBTOR'S
ASSETS FREE AND CLEAR OF LIENS, CLAIMS, RIGHTS, ENCUMBRANCES,
AND OTHER INTERESTS, (II) ASSUMPTION AND ASSIGNMENT OF
CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES
AND (III) RELATED RELIEF**

Upon consideration of the *Motion of George L. Miller, Chapter 7 Trustee, for Entry of: (A) an Order (I) Approving Bid Procedures in Connection with the Sale of the Debtor's Purchased Assets, (II) Scheduling an Auction for and Hearing to Approve Sale, (III) Approving Notice of Auction and Sale Hearing, (IV) Approving Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (V) Approving Form and Manner of Notice Thereof, and (VI) Granting Related Relief; and (B) an Order Authorizing and Approving (I) the Sale of the Debtor's Purchased Assets Free and Clear of Liens, Claims, Rights, Encumbrances, and Other Interests, (II) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and (III) Related Relief* (the "Sale Motion") [D.I. 87][1] filed by George L. Miller, chapter 7 trustee (the "Trustee") to the estate of the above-captioned debtor, (the "Debtor") which requests an order (this "Sale Order") (a) authorizing and approving the Trustee's entry into an asset purchase agreement with the Successful Bidder or Next-Highest Bidder, (b) authorizing the Sale of the Assets to the party or parties that are the Successful Bidder or Next-Highest Bidder at the Auction, free and clear of all claims and encumbrances, except for certain assumed liabilities,

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Sale Motion.

(c) authorizing and approving the assumption and assignment of certain executory contracts in connection with the Sale, including proposed cure amounts (if any), and (d) granting related relief; and the Court having entered the Bid Procedures Order on May 23, 2024 [D.I. 97]; and the Auction having been held on July 18, 2024, in accordance with the Bid Procedures; and the Trustee having selected Urbana Partners, LLC (the "Purchaser") as the Successful Bidder and the Granicus IP, LLC as the Next-Highest Bidder; and the Sale Hearing having been held on July 29, 2024; and the Trustee having executed that Asset Purchase Agreement between the Trustee and Urbana Partners, LLC (the "Purchaser"), which, including all exhibits and schedules thereto, and as may be amended, modified or supplemented in accordance with its terms and this Sale Order, is referred to herein as the "Agreement" (a complete copy of which is attached hereto as **Exhibit 1**), effective as of the Closing on the Closing Date; and this Court having reviewed and considered the Sale Motion and any objections thereto; this Court having heard statements of counsel and the evidence presented in support of the relief requested by the Trustee in the Sale Motion at the Sale Hearing, and any other declarations from the Trustee in support of the relief herein; and upon the full record of this Chapter 7 Case; and it appearing no other notice need be given; and it further appearing the legal and factual bases set forth in the Sale Motion and the record made at the Sale Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause therefor:

### THE COURT FINDS AND DETERMINES THAT:

### Jurisdiction, Final Order, and Statutory Predicates

A.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To

the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.

C.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Trustee has confirmed his consent, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by this Court in connection with the Sale Motion, to the extent it is later determined the Court, absent the consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

D.      Venue over the Chapter 7 Case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

E.      The bases for the relief requested in the Sale Motion are §§ 105(a), 363 and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Bankruptcy Rules 2002, 6004, 6006, 9007, and 9014, and Local Rules 2002-1, 6004-1, and 9013-1(m).

F.      This Sale Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds there is no just reason for delay in the implementation of this Sale Order and waives any stay and expressly directs entry of judgment as set forth herein.

**Retention of Jurisdiction**

G.    It is necessary and appropriate for the Court to retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Sale Order and the Agreement, including its related documents, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Trustee or the Debtor is a party or which have been assigned to the Purchaser, and to adjudicate, if necessary, any and all disputes involving the Trustee or the Debtor concerning or relating in any way to, or affecting, the Sale (as defined in the Sale Motion) or the transactions contemplated in the Agreement, and related documents.

**Corporate Authority; Consents and Approvals**

H.    The Trustee has, to the extent necessary or applicable, the full corporate power and authority to execute and deliver the Agreement and all other documents contemplated thereby.  No consents or approvals, other than those expressly provided for in the Agreement, are required for Trustee to consummate the Sale, the Agreement, or the transactions contemplated thereby.

**Notice of Sale, Sale Hearing,**
**Agreement, and Assumption and Assignment**

I.    Actual written notice of the Sale Motion, the Sale, the Sale Hearing, the Auction, and the transactions contemplated thereby, and a reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein, has been afforded to all known interested entities and parties, including, without limitation, the following entities and parties: (a) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Richard Schepacarter and Rosa Sierra-Fox; (b) counsel to the Purchaser, the DIP Facility Lender and the Prepetition Secured Party; (c) any other parties with known secured claims against the

4

Debtor or its counsel, if known; (d) any parties that executed an NDA; (e) the United States Attorney's Office for the District of Delaware; (f) the Internal Revenue Service; (g) all state and local taxing authorities with an interest in the Purchased Assets; (h) the Attorney General for the State of Delaware; (i) the Securities and Exchange Commission; (j) all other governmental agencies with an interest in the Sale and transactions proposed thereunder; (k) all other parties known or reasonably believed to have asserted an interest in the Purchased Assets; (l) any party that has requested notice pursuant to Bankruptcy Rule 2002. *See* D.I. 87, 93, 95, and 100.

J.      The Trustee has articulated good and sufficient reasons for this Court to grant the relief requested in the Sale Motion upon the terms set forth herein.

K.      The disclosures made by the Trustee concerning the Sale Motion, the Agreement, the Sale Hearing and the Sale were good, complete, and adequate.

L.      A reasonable opportunity to object and be heard with respect to the Sale and the Sale Motion, and the relief requested therein, has been afforded to all interested persons and entities, including the applicable notice parties.

## Business Judgment

M.      The Trustee has demonstrated good, sufficient, and sound business purposes and justifications for, and compelling circumstances to promptly consummate, the Sale and the other transactions contemplated by the Agreement and related documents (together with the Agreement, the "Transaction Documents"), pursuant to sections 105, and 363 of the Bankruptcy Code, and such action is an appropriate exercise of the Trustee's business judgment and in the best interests of the Debtor's estate and its creditors.  Such business reasons include, but are not limited to, the fact that: (i) there is substantial risk of depreciation of the value of the Purchased Assets if the Sale is not consummated promptly; (ii) the Agreement and the Closing present the best opportunity to

maximize the value of the Debtor's estate; and (iii)  unless the Sale is concluded expeditiously as provided for in this Sale Order and pursuant to the Agreement, potential creditor recoveries may be substantially diminished.

### Good Faith of the Purchaser; No Collusion

N.    The Purchaser is not an "insider" of the Debtor as that term is defined in section 101(31) of the Bankruptcy Code.  The sale process engaged in by the Trustee, the Purchaser, and the Next-Highest Bidder, including, without limitation, the Auction, which was conducted in accordance with the Bid Procedures and the Bid Procedures Order, and the negotiation of the Purchase Agreement, was at arm's length, non-collusive, in good faith, and substantively and procedurally fair to all parties in interest.  The Purchaser is purchasing the Purchased Assets in good faith and is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code, and is therefore entitled to the full protection of that provision, and otherwise has proceeded in good faith in all respects in connection with this proceeding in that: (i) all payments to be made by the Purchaser and other agreements or arrangements entered into by the Purchaser in connection with the Sale have been disclosed; (ii) the Purchaser has not violated 363(n) of the Bankruptcy Code by any action or inaction; (iii) no common identity of directors or controlling shareholders exists between the Purchaser, Trustee, and the Debtor; and (iv) the negotiation and execution of the Agreement and any other agreements or instruments related thereto was at arm's-length and in good faith.

### No Fraudulent Transfer or Merger

O.    The consideration provided by the Purchaser pursuant to the Transaction Documents: (a) is fair and reasonable; (b) is the highest and best offer for the Purchased Assets; and (c) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code,

the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act, the laws of the United States, any state, territory, possession, or the District of Columbia, and any other applicable law.

P.      Neither the Purchaser, nor its past and present subsidiaries, parents, divisions, affiliates, agents, representatives, insurers, attorneys, successors and assigns, nor any of their respective directors, managers, officers, employees, shareholders, members, agents, representatives, attorneys, contractors, subcontractors, independent contractors, owners, insurance companies, or partners (collectively, the "Purchaser Parties") is a mere continuation of the Debtor or its estate, and there is no continuity of enterprise between any Purchaser Party and the Debtor. No Purchaser Party is holding itself out to the public as a continuation of the Debtor or its estate. No Purchaser Party is a successor to the Debtor or its estate, and the Sale does not amount to a consolidation, merger, or de facto merger of the Purchaser (or any other Purchaser Party) and the Debtor.

**Validity of Transfer**

Q.      The Transaction Documents were not entered into for the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code or under the laws of the United States, any of its states, territories, or possessions, or the District of Columbia, or under any other applicable law.  Neither the Trustee nor the Purchaser are entering into the transactions contemplated by the Transaction Documents fraudulently, for the purposes of statutory and common law fraudulent conveyance and fraudulent transfer claims.

R.      Trustee's right, title, and interest in the Purchased Assets constitute property of the Debtor's estate, which is vested within the meaning of section 541(a) of the Bankruptcy Code. Subject to section 363(f) of the Bankruptcy Code (addressed below), the transfer of the Purchased

7

Assets to the Purchaser will be, as of the Closing Date, a legal, valid, and effective transfer of the Purchased Assets, which transfer vests or will vest the Purchaser with all right, title, and interest in the Purchased Assets free and clear of: (i) all liens (including any liens as that term is defined in section 101(37) of the Bankruptcy Code), encumbrances, and rights (including any and all "interests" in the Purchased Assets within the meaning of section 363(f) of the Bankruptcy Code) relating to, accruing, or arising any time prior to the Closing Date (collectively, the "Liens"); and (ii) all debts (as that term is defined in section 101(12) of the Bankruptcy Code) and rights (including any and all "interests" in the Purchased Assets within the meaning of section 363(f) of the Bankruptcy Code) arising under, relating to, or in connection with any act of the Trustee or Debtor or claims (as that term is defined in section 101(5) of the Bankruptcy Code), liabilities, obligations, demands, guaranties, options in favor of third parties, rights, contractual commitments, restrictions, interests, mortgages, hypothecations, charges, indentures, loan agreements, instruments, collective bargaining agreements, leases, licenses, deeds of trusts, security interests or similar interests, conditional sale or other title retention agreements and other similar impositions, restrictions on transfer or use, pledges, judgments, claims for reimbursement, contribution, indemnity, exoneration, infringement, products liability, alter ego liability, suits, defenses, credits, allowances, options, limitations, causes of action, choses in action, rights of first refusal or first offer, rebate, chargeback, credit, or return, proxy, voting trust or agreement or transfer restriction under any shareholder or similar agreement or encumbrance, easements, rights of way, encroachments, any Liability (as defined in the Transaction Documents), and matters of any kind and nature, whether arising prior to or subsequent to the Petition Date, whether known or unknown, legal or equitable, mature or unmatured, contingent or noncontingent, liquidated or unliquidated, asserted or unasserted, whether imposed by agreement, understanding, law, equity,

8

or otherwise (including, without limitation, rights with respect to Claims (as defined below) and Liens (A) that purport to give any party a right or option to effect a setoff or recoupment against, or a right or option to effect any forfeiture, modification, profit sharing interest, right of first refusal, purchase or repurchase right or option, or termination of, any of the Trustee's or the Purchaser's interests in the Purchased Assets, or any similar rights, if any, or (B) in respect of taxes, restrictions, rights of first refusal, charges of interests of any kind or nature, if any, including without limitation, any restriction of use, voting, transfer, receipt of income, or other exercise of any attribute of ownership) (collectively, as defined in this clause (ii), the "Claims" and, together with the Liens and other interests of any kind or nature whatsoever (the "Interests"), relating to, accruing or arising any time prior to the entry of this Sale Order, with the exception of the Assumed Liabilities (as defined in the Transaction Documents) to the extent set forth herein and in the Transaction Documents, and any covenants set forth in the Transaction Documents, but with all such Claims, Liens, and Interests to attach to the proceeds of the Sale.

## Section 363(f) Is Satisfied

S.      The conditions of section 363(f) of the Bankruptcy Code have been satisfied in full; therefore, the Trustee may sell the Purchased Assets free and clear of any Interests in the Purchased Assets other than any Assumed Liabilities.

T.      The Purchaser would not have entered into the Transaction Documents, and would not consummate the Sale, if the Sale of the Purchased Assets to the Purchaser and the assumption of any Assumed Liabilities by the Purchaser were not free and clear of all Interests, other than the Assumed Liabilities, or if the Purchaser would, or in the future could, be liable for any of such Interests (other the Assumed Liabilities).  Unless otherwise expressly included in the Assumed Liabilities, the Purchaser shall not be responsible for any Interests against the Debtor, its estate, or

any of the Purchased Assets, including in respect of the following: (a) any labor or employment agreement; (b) all mortgages, deeds of trust, and other security interests; (c) intercompany loans and receivables among the Debtor and any of its affiliates (as defined in section 101(2)) of the Bankruptcy Code; (d) any other environmental, employee, workers' compensation, occupational disease, or unemployment- or temporary disability-related claim, including, without limitation, claims that might otherwise arise under or pursuant to: (i) the Employee Retirement Income Security Act of 1974, as amended; (ii) the Fair Labor Standards Act; (iii) Title VII of the Civil Rights Act of 1964; (iv) the Federal Rehabilitation Act of 1973; (v) the National Labor Relations Act; (vi) the Worker Adjustment and Retraining Notification Act of 1988; (vii) the Age Discrimination and Employee Act of 1967 and the Age Discrimination in Employment Act, as amended; (viii) the Americans with Disabilities Act of 1990; (ix) the Consolidated Omnibus Budget Reconciliation Act of 1985; (x) state discrimination laws; (xi) the unemployment compensation laws or any other similar state laws; (xii) any other state or federal benefits or claims relating to any employment with the Debtor or its predecessor, if any; (xiii) Claims or Liens arising under any Environmental Law (as defined in the Transaction Documents) with respect to the Debtor's business, (xiv) any Liability (as defined in the Transaction Documents) other than the Assumed Liabilities, relating to the Purchased Assets, the Excluded Purchased Assets (as defined in the Transaction Documents), or any other assets owned or operated by the Trustee or any corporate predecessor of the Debtor, at any time prior to the Closing Date; (xv) any bulk sales or similar law; (xvi) any tax statutes or ordinances, including, without limitation, the Internal Revenue Code of 1986, as amended; and (xvii) any statutory or common-law bases for successor liability.

U.      The Trustee may sell the Purchased Assets free and clear of all Interests in such property of any entity, including, without limitation, any Liens and Claims against the Debtor, its estate, or any of the Purchased Assets (other than the Assumed Liabilities) because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.  Those holders of Interests in the Purchased Assets, including, without limitation, holders of Liens and Claims against the Debtor, its estate, or any of the Purchased Assets, who did not object, or who withdrew their objections, to the Sale or the Sale Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code, and such holders, and all other holders of Interests (except to the extent such Interests are Assumed Liabilities), are protected by having their Interests, if any, attach to the net proceeds of the Sale ultimately attributable to the Purchased Assets in which such party alleges an Interest, in the same order of priority, with the same validity, force, and effect that such Interests had prior to the Sale, subject to any claims and defenses the Trustee or the Debtor and its estate may possess with respect thereto.

### Sound Business Purpose for the Sale

V.      As discussed above, good and sufficient reasons for approval of the Transaction Documents and the Sale have been articulated.  The relief requested in the Sale Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest.

W.      The Trustee has demonstrated good, sufficient, and sound business purposes and justifications for approving the Transaction Documents and that the immediate consummation of the Sale to the Purchaser is necessary and appropriate to maximize the value of the Debtor's estate.

### Compelling Circumstances for an Immediate Sale

X.      To maximize the value of the Purchased Assets and preserve the viability of the business to which the Purchased Assets relate, it is essential the Sale of the Purchased Assets occur

promptly. Therefore, time is of the essence in effectuating the Transaction Documents and consummating the Sale. As such, the Trustee and the Purchaser intend to close the Sale of the Purchased Assets as soon as reasonably practicable. The Trustee has demonstrated compelling circumstances and a good, sufficient and sound business purpose and justification for immediate approval and consummation of the Transaction Documents. Accordingly, there is sufficient cause to waive the stay provided in Bankruptcy Rules 6004(h) and 6006(d).

Y.      Given all of the circumstances of this Chapter 7 Case and the adequacy and fair value of the Purchase Price under the Transaction Documents, the proposed Sale of the Purchased Assets to the Purchaser constitutes a reasonable and sound exercise of the Trustee's business judgment and should be approved.

Z.      The consummation of the Sale is legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation sections 105(a), 363(b), 363(f), and 363(m) of the Bankruptcy Code, and all of the applicable requirements of such sections have been complied with in respect of the Sale.

AA.     The Sale does not impermissibly restructure the rights of any of the Debtor's creditors. Further, nothing in this Order is approving any distribution that would be inconsistent with the Bankruptcy Code's priority scheme, including the timing and/or amount of money to be paid to creditors in any future plan.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

### General Provisions.

1.      **Relief Granted.** The relief requested in the Sale Motion and the Sale contemplated thereby and by the Transaction Documents are approved for the reasons set forth in this Sale Order

12

and on the record of the Sale Hearing, which is incorporated herein as if fully set forth in this Sale Order.

2.    **Objections Overruled.**  Any objections, statements, and reservations of rights to the Sale Motion and the relief requested therein that have not been withdrawn, waived, or settled by announcement to the Court during the Sale Hearing, by agreed language and protections set forth in this Sale Order, or by stipulation filed with the Court, including, without limitation, any and all reservations of rights included in such objections or otherwise, are hereby denied and overruled on the merits, with prejudice.  Those parties who did not object, or withdrew their objections, to the Sale Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.

<u>**Approval of the Transaction Documents; Binding Nature**</u>

3.    **Transaction Documents Approved.** The Transaction Documents, and all of the terms and conditions thereof, are hereby approved.

4.    **Fair Value.** The consideration provided by the Purchaser for the Purchased Assets under the Transaction Documents is fair and reasonable and shall be deemed for all purposes to constitute reasonably equivalent value, fair value, and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Transfer Act, the Uniform Voidable Transactions Act, the Uniform Fraudulent Conveyance Act, and any other applicable law, and the Sale may not be avoided or rejected by any person, or costs or damages imposed or awarded against the Purchaser or any Purchaser Party, under section 363(n) of the Bankruptcy Code or any other provision of the Bankruptcy Code.

5.    **Authorization to Consummate Sale.**  Pursuant to §§ 105 and 363 of the Bankruptcy Code, the Trustee is authorized and empowered to, and shall, take any and all actions

necessary or appropriate to: (a) consummate the Sale pursuant to and in accordance with the terms and conditions of the Transaction Documents and otherwise comply with the terms of this Sale Order; and (b) execute and deliver, perform under, consummate, implement, and take any and all other acts or actions as may be reasonably necessary or appropriate to the performance of their obligations as contemplated by the Transaction Documents, in each case without further notice to or order of this Court. The Purchaser shall not be required to seek or obtain relief from the automatic stay under section 362 of the Bankruptcy Code to enforce any of its remedies under any Transaction Document. The automatic stay imposed by section 362 of the Bankruptcy Code is modified solely to the extent necessary to implement the preceding sentence and the other provisions of this Sale Order; provided, however, that this Court shall retain exclusive jurisdiction over any and all disputes with respect thereto.

6. **Binding Nature.** This Sale Order shall be binding in all respects upon the Trustee, the Debtor, its estate, all creditors, all holders of equity interests in the Debtor, all holders of any Claim(s) (whether known or unknown) against the Debtor, all holders of Interests (whether known or unknown) against, in or on all or any portion of the Purchased Assets, the Purchaser, and all successors and assigns of the foregoing.

## Transfer of the Purchased Assets Free and Clear of Interests

7. **Transfer of the Purchased Assets Authorized.** Pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, the Trustee is authorized and directed to: (a) take any and all actions necessary or appropriate to perform, consummate, implement, and close the Sale in accordance with the terms and conditions set forth in the Transaction Documents and this Sale Order; and (b) take all further actions and execute and deliver the Transaction Documents and any and all additional instruments and documents that may be necessary or appropriate to implement

the Transaction Documents and consummate the Sale in accordance with the terms thereof, all without further order of the Court. At Closing, all of the Trustee's right, title, and interest in and to, and possession of, the Purchased Assets shall be immediately vested in the Purchaser (or its designee). Such transfer shall constitute a legal, valid, enforceable, and effective transfer of the Purchased Assets.

8.     **Surrender of Purchased Assets by Third Parties.** All persons and entities that are in possession of some or all of the Purchased Assets on the Closing Date are directed to surrender possession of such Purchased Assets to the Purchaser or its designee at the Closing. On the Closing Date, each of the Debtor's creditors are authorized and directed to execute such documents and take such other actions as may be reasonably necessary to release their Interests in the Purchased Assets, if any, as such Interests may have been recorded or may otherwise exist. All persons are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with, or which would be inconsistent with, the ability of the Trustee to sell and transfer the Purchased Assets to the Purchaser in accordance with the terms of the Transaction Documents and this Sale Order.

9.     **Transfer Free and Clear of Interests.** Upon the Trustee's receipt of the Purchase Price, and other than the Assumed Liabilities specifically set forth in the Transaction Documents, the transfer of the Purchased Assets to the Purchaser shall be free and clear of all Interests of any kind or nature whatsoever, including, without limitation: (a) successor or successor-in-interest liability, (b) Claims in respect of the Excluded Liabilities, and (c) any and all Contracts not assumed and assigned to the Purchaser pursuant to the terms of the Transaction Documents, with all such Interests to attach to the net proceeds received by the Trustee ultimately attributable to the Purchased Assets against, or in, which such Interests are asserted, subject to the terms thereof, with

15

the same validity, force, and effect, and in the same order of priority, which such Interests now have against the Purchased Assets, subject to any rights, claims, and defenses that the Trustee, the Debtor or its estate, as applicable, may possess with respect thereto

10.     **Legal, Valid, and Marketable Transfer with Permanent Injunction.**  The transfer of the Purchased Assets to the Purchaser pursuant to the Transaction Documents constitutes a legal, valid, and effective transfer of good and marketable title of the Purchased Assets, and vests, or will vest, the Purchaser with all right, title, and interest to the Purchased Assets, free and clear of all Interests (other than Assumed Liabilities), except as otherwise expressly stated as obligations of the Purchaser under the Transaction Documents.  With the exception of holders of Assumed Liabilities, all Persons holding Interests or Claims of any kind or nature whatsoever against the Trustee, the Debtor, the Purchased Assets, the operation of the Purchased Assets prior to the Closing Date or the Sale are hereby and forever barred, estopped, and permanently enjoined from asserting against the Purchaser, its successors or assigns, its property, or the Purchased Assets, any Claim, Interest, or liability existing, accrued, or arising prior to the Closing, except a right of setoff exercised prepetition.

11.     **Recording Offices and Releases of Interests.**  On the Closing Date, this Sale Order shall be construed and shall constitute for any and all purposes a full and complete assignment, conveyance, and transfer of the Purchased Assets or a bill of sale transferring good and marketable title of the Purchased Assets to the Purchaser.  This Sale Order is and shall be effective as a determination that, on the Closing Date, all Interests of any kind or nature whatsoever existing as to the Purchased Assets prior to the Closing, other than the Assumed Liabilities, or as otherwise provided in this Sale Order, shall have been unconditionally released, discharged, and terminated, and that the conveyances described herein have been affected.  This Sale Order is and

shall be binding upon and govern the acts of all Persons, including, without limitation, all filing

agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds,

registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal

and local officials, and all other persons who may be required by operation of law, the duties of

their office, or contract, to accept, file, register or otherwise record or release any documents or

instruments, or who may be required to report or insure any title or state of title in or to any lease;

and each of the foregoing persons is hereby directed to accept for filing any and all of the

documents and instruments necessary and appropriate to consummate the transactions

contemplated by the Transaction Documents.    Each and every federal, state, and local

governmental agency or department is hereby directed to accept any and all documents and

instruments necessary and appropriate to consummate the Sale.  A certified copy of this Sale Order

may be: (a) filed with the appropriate clerk; (b) recorded with the recorder; and/or (c) filed or

recorded with any other governmental agency to act to cancel any Interests against the Purchased

Assets, other than the Assumed Liabilities.

12.    **Cancellation of Third-Party Interests.**  If any Person which has filed statements

or other documents or agreements evidencing Interests on or in all or any portion of the Purchased

Assets (other than with respect to the Assumed Liabilities) has not delivered to the Trustee prior

to the Closing, in proper form for filing and executed by the appropriate parties, termination

statements, instruments of satisfaction, releases of liens and easements, and any other documents

necessary for the purpose of documenting the release of all Interests which such person or entity

has or may assert with respect to all or a portion of the Purchased Assets, the Trustee and the

Purchaser are authorized to execute and file such statements, instruments, releases and other

documents on behalf of such Person with respect to the Purchased Assets.  Notwithstanding the

17

foregoing, the provisions of this Sale Order authorizing the transfer of the Purchased Assets free and clear of all Interests (except only for the Assumed Liabilities) shall be self-executing, and it shall not be, or be deemed, necessary for any Person to execute or file releases, termination statements, assignments, consents, or other instruments in order for the provisions of this Sale Order to be implemented.

13.     **No Further Trustee or Debtor Liability.**  Except as provided in the Transaction Documents or in this Sale Order, after the Closing, the Trustee, the Debtor and its estate shall have no further liabilities or obligations with respect to any Assumed Liabilities, and all holders of such Claims are forever barred and estopped from asserting such Claims against the Trustee, the Debtor, its successors or assigns, its property, or the Debtor's estate.

## Prohibition of Actions Against the Purchaser

14.     **No Successor Liability.**  Except for the Assumed Liabilities set forth in the Transaction Documents, the Purchaser shall not have any liability or other obligation of the Trustee, the Debtor or its estate arising under or related to any of the Purchased Assets.  Without limiting the generality of the foregoing, and except as otherwise expressly provided herein or in the Transaction Documents, the Purchaser shall not be liable for any Claims against the Trustee, the Debtor, or any of its predecessors or affiliates, and the Purchaser shall have no successor or vicarious liabilities of any kind or character, including, without limitation, under any theory of antitrust, environmental, successor, or transfer liability, labor law, de facto merger, mere continuation, or substantial continuity, whether known or unknown as of the Closing Date, now existing, or hereafter arising, whether fixed or contingent, whether asserted or unasserted, whether legal or equitable, whether liquidated or unliquidated, including, without limitation, liabilities on account of warranties, intercompany loans, environmental liabilities, and any taxes arising,

18

accruing, or payable under, out of, in connection with, or in any way relating to the operation of any of the Purchased Assets prior to the Closing.

15.     Except as expressly provided in the Transaction Documents or this Sale Order with respect to the Purchaser, no Purchaser Party shall have any liability whatsoever with respect to the Debtor's respective businesses or operations or any of the Debtor's obligations based, in whole or in part, directly or indirectly, on any theory of successor or vicarious liability of any kind of character, or based upon any theory of antitrust, environmental, successor, or transferee liability, de facto merger or substantial continuity, labor and employment or products liability, whether known or unknown as of the Closing, now existing or hereafter arising, asserted or unasserted, fixed or contingent, liquidated or unliquidated, including, without limitation, liabilities on account of: (a) any taxes arising, accruing, or payable under, out of, in connection with, or in any way relating to the Purchased Assets or the Assumed Liabilities prior to the Closing or in respect of pre-Closing periods; or (b) any plan, agreement, practice, policy, or program, whether written or unwritten, providing for pension, retirement, health, welfare, compensation, or other employee benefits which is or has been sponsored, maintained, or contributed to by any Debtor or with respect to which any Debtor has any liability, whether or not contingent, including, without limitation, any "multiemployer plan" (as defined in Section 3(37) of ERISA) or "pension plan" (as defined in Section 3(2) of ERISA) to which the Debtor has at any time contributed, or had any obligation to contribute.  Except to the extent expressly included in the Assumed Liabilities with respect to the Purchaser or as otherwise expressly set forth in the Transaction Documents or this Sale Order, no Purchaser Party shall have any liability or obligation under any applicable law, including, without limitation: (a) the WARN Act, 29 U.S.C. §§ 2101 et seq.; (b) the Comprehensive Environmental Response Compensation and Liability Act; (c) the Age

19

Discrimination and Employment Act of 1967 (as amended); (d) the Federal Rehabilitation Act of 1973 (as amended); (e) the National Labor Relations Act, 29 U.S.C. §§ 151 et seq.; or (f) any foreign, federal, state, or local labor, employment or environmental law, by virtue of the Purchaser's purchase of the Purchased Assets, assumption of the Assumed Liabilities, or hiring of certain employees of the Debtor pursuant to the terms of the Transaction Documents. Without limiting the foregoing, no Purchaser Party shall have any liability or obligation with respect to any environmental liabilities of the Debtor or any environmental liabilities associated with the Purchased Assets except to the extent they are Assumed Liabilities set forth in the Transaction Documents.

16.     **Actions Against the Purchaser Enjoined.**  Except with respect to the Assumed Liabilities set forth in the Transaction Documents, all Persons, including, without limitation, all debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, trade creditors, litigation claimants, and other creditors, holding Interests of any kind or nature whatsoever against, or in, all or any portion of the Purchased Assets, arising under, out of, in connection with, or in any way relating to, the Trustee, the Debtor, the Purchased Assets, the operation of the Debtor's businesses prior to the Closing Date, or the transfer of the Purchased Assets to the Purchaser, hereby are forever barred, estopped, and permanently enjoined from asserting against the Purchaser, the Purchaser Parties, or any of their affiliates, successors, or assigns, or their property or the Purchased Assets, such persons' or entities' Interests in and to the Purchased Assets, including, without limitation, the following actions against the Purchaser or its affiliates, or their successors, assets, or properties: (a) commencing or continuing in any manner any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral, or other proceeding; (b) enforcing, attaching, collecting, or recovering in any manner any

judgment, award, decree, or other order; (c) creating, perfecting, or enforcing any Lien or other Claim; (d) asserting any set off (except a set off exercised prepetition) or right of subrogation of any kind; (e) commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the provisions of this Sale Order or other orders of this Court, or the agreements or actions contemplated or taken in respect thereof; or (f) revoking, terminating, or failing or refusing to transfer or renew any license, permit, or authorization to operate any of the Purchased Assets or conduct any of the business operated with the Purchased Assets.

### Other Provisions

17.     **Effective Immediately.**  For cause shown, pursuant to Bankruptcy Rules 6004(h), 6006(d), and 7062(g), this Sale Order shall not be stayed and shall be effective immediately upon entry, and the Trustee and the Purchaser are authorized to close the Sale immediately upon entry of this Sale Order.  The Trustee and the Purchaser may consummate the Transaction Documents at any time after entry of this Sale Order by waiving any and all closing conditions set forth in the Transaction Documents that have not been satisfied and by proceeding to close the Sale without any notice to the Court, any pre-petition or post-petition creditor of the Debtor and/or any other party in interest.

18.     **Access to Books and Records.**  Following the Closing of the Sale, the Trustee shall have, and the Purchaser shall provide, reasonable access to the Debtor's books and records, to the extent they are included in the Purchased Assets transferred to the Purchaser as part of the Sale as set forth in the Transaction Documents, provided the Purchaser's cooperation under the terms of this section shall be at no cost to the Purchaser.

19.     **Bulk Sales Law.**  No bulk sales law or any similar law of any state or other jurisdiction applies in any way to the Sale.

20.     **Agreement Approved in Entirety.**     The failure specifically to include any particular provision of the Transaction Documents in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Transaction Documents be authorized and approved in their entirety.

21.     **Further Assurances**.  From time to time, as and when requested, all parties shall execute and deliver, or cause to be executed and delivered, all such documents and instruments and shall take, or cause to be taken, all such further or other actions as the requesting party may reasonably deem necessary or desirable to consummate the Sale, including such actions as may be necessary to vest, perfect, or confirm or record or otherwise in the Purchaser its right, title, and interest in and to the Purchased Assets.

22.     **Modifications to Transaction Documents.**  The Transaction Documents may be modified, amended, or supplemented by the parties thereto and in accordance with the terms thereof, in a writing signed by such parties, without further order of this Court, provided any such modification, amendment or supplement does not have a material adverse effect on the Debtor's estate.

23.     **Authorization to Effect Order.**  The Trustee is authorized to take all actions necessary to effect the relief granted pursuant to this Sale Order in accordance with the Sale Motion.

24.     **Automatic Stay.**  The automatic stay pursuant to Bankruptcy Code § 362 is hereby modified, lifted, and annulled with respect to the Trustee and the Purchaser solely to the extent necessary, without further order of this Court, to: (a) allow the Purchaser to deliver any notice provided for in the Transaction Documents; and (b) allow the Purchaser to take any and all actions permitted under the Transaction Documents in accordance with the terms and conditions thereof.

The Purchaser shall not be required to seek or obtain relief from the automatic stay under section 362 of the Bankruptcy Code to enforce any of its remedies under the Transaction Documents. The automatic stay imposed by section 362 of the Bankruptcy Code is modified solely to the extent necessary to implement the preceding sentence, provided, however, that this Court shall retain exclusive jurisdiction over any and all disputes with respect thereto.

25.    **Order to Govern.**  To the extent this Sale Order is inconsistent with any prior order entered or pleading filed in this Chapter 7 Case, the terms of this Sale Order shall govern.  To the extent there are any inconsistencies between the terms of this Sale Order and the Transaction Documents, the terms of this Sale Order shall govern.

26.    **Standing**.  The Purchaser has standing to seek to enforce the terms of this Sale Order.

27.    **Retention of Jurisdiction**. This Court shall retain jurisdiction with respect to the terms and provisions of this Sale Order and the Transaction Documents.

**Dated: July 26th, 2024**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**

23